# Order

**Michigan Supreme Court**
**Lansing, Michigan**

October 2, 2013

146850

Robert P. Young, Jr.,
Chief Justice

Michael F. Cavanagh
Stephen J. Markman
Mary Beth Kelly
Brian K. Zahra
Bridget M. McCormack
David F. Viviano,
Justices

PEOPLE OF THE STATE OF MICHIGAN,
     Plaintiff-Appellee,

v

TION TERRELL,
     Defendant-Appellant.

SC: 146850
COA: 303717
Wayne CC: 08-001533-FC

_____/

On order of the Court, the application for leave to appeal the January 31, 2013 judgment of the Court of Appeals is considered and, pursuant to MCR 7.302(H)(1), in lieu of granting leave to appeal, we REVERSE the Wayne Circuit Court's determination that the defendant's trial attorney testified credibly at the hearing held pursuant to *People v Ginther*, 390 Mich 436 (1973), specifically, the Wayne Circuit Court's holding that the defendant's trial attorney made a valid strategic decision not to present expert testimony regarding the number of times that the complainant was shot. To establish ineffective assistance of counsel, a defendant must show: (1) that the attorney's performance was not based on strategic decisions, but was objectively unreasonable in light of prevailing professional norms; and (2) that, but for the attorney's error, a different outcome was reasonably probable. This is a mixed question of law and fact. Findings of fact are reviewed for clear error; questions of law are reviewed de novo. *People v Armstrong*, 490 Mich 281 (2011). The trial court clearly erred in finding that the defendant's trial attorney was credible. We therefore VACATE those portions of the Court of Appeals opinion relying on the trial court's credibility determination to affirm the defendant's conviction in the face of his claims of ineffective assistance of counsel, including the holding that the decision not to present expert testimony was a legitimate trial strategy. We REMAND this case to the Court of Appeals for reconsideration of the defendant's ineffective assistance claims in light of this order. In all other respects, leave to appeal is DENIED, because we are not persuaded that the remaining questions presented should be reviewed by this Court.

We do not retain jurisdiction.



I, Larry S. Royster, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

October 2, 2013



Clerk

s0925